IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JERMAINE KEITH WALKER, )
)
Petitioner, )
)
v. ) Civil Action No. 3:17CV20–HEH
)
DAVID SCOTT LAUNDRY, *et al.*, )
)
Respondent. )

## MEMORANDUM OPINION
(Dismissing Civil Action as Frivolous)

Jermaine Keith Walker, a former Virginia inmate, filed this civil action he titles "In re: Personal Rights[,] 42 U.S.C. § 1983" ("Complaint," ECF No. 1). The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.[1]

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490

---

[1] Walker has not yet applied to proceed *in forma pauperis* in this action and he has not paid the filing fee. Nevertheless, because of the apparent frivolity of this action from the face of the Complaint, the Court dismisses the action.

U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," stating a claim that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570 (citations omitted). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). For a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In his Complaint, Walker states:[2]

> For the matter of three years the Defendant in this matter has been conspiring with persons known [and] unknown to attempt to take my minor child from me [and] prevent me from petitioning the federal court by use of threat, intimidation [and] filing false and misleading statements under color of law.
> At this time, the Defendant is believed to have knowingly violated the 4th, 14th [and] 1st, 9th Amendments of the U.S. Constitution, to withhold a negro child from me as a parent.
> This is now the third or fourth time the Defendant has specifically continued to proceed in matters w/o having jurisdiction, personal or subject matter [and] also the third time the Defendants have acted under color of

---

[2] The Court utilizes the pagination assigned to Walker's Complaint by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and punctuation in the quotations from his submissions.

the law simply to withhold my child or prevent me from petitioning the federal court. After advising me in open court he is aware of such deprivation. He has continued to harass me, take my child, attempt to change my name, altered court cases [and] attempted to refuse me access to relief or prevent me from filing in the federal court to cover up his forgery [and] false utterings.

At this time he has caused or contributed to the abduction of my child [and] myself under the color of law [and] without jurisdiction, to prevent me from petitioning Honorable James R. Spencer.

I have direct evidence [and] have created a record.

He again has attempted to alter my name to abduct me [and] withhold me from petitioning your court.

I think I am in "RRJ" . . . under a pseudonym "Jermaine Walker" [and they] manipulated my record to do this. So I've put what I have in here. . . . .

(Compl. 1–2.)[3]

## III. ANALYSIS

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Here, Walker lists numerous constitutional amendments but fails to allege facts indicating that Defendants' purported conduct has violated any constitutional right. *See Shanklin v. Seals*, No. 3:07CV319, 2010 WL 1225741, at *14 (E.D. Va. Mar. 26, 2010) (dismissing a § 1983 claim when plaintiff "faile[d] to allege what constitutional right [was] implicate[d], much less any violation of a constitutional right"). Walker also fails to identify, and this Court fails to discern, how child custody proceedings, or his "abduction," states a federal claim for

---

[3] Walker asks the Court to bring him here to Court because "at no time have this Court remanded my case back to state court." (Compl. 2.) Walker has no properly removed case pending in this Court.

4

relief. Accordingly, Walker has failed to allege any cognizable § 1983 claims against Defendants. Therefore, Walker's § 1983 claims will be dismissed as frivolous.

Furthermore, to the extent that Walker has any remaining state law claims pertaining to child custody matters, this Court lacks diversity jurisdiction over those claims because it appears that all parties are citizens of the Commonwealth of Virginia.

### IV. CONCLUSION

Walker's action will be dismissed for lack of jurisdiction and as legally frivolous. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Feb 3 2017
Richmond, Virginia